IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

JEREMY D. WILLIAMS                                                                                        PLAINTIFF
#550779

v.                                            4:22-cv-01049-JM -JJV

HOGG, Sheriff, Lincoln County                                                                   DEFENDANT

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr.  Any party may serve and file written objections to this Recommendation.  Objections should be specific and include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.      DISCUSSION**

Jeremy D. Williams ("Plaintiff") is confined in the Lincoln County Jail.  On December 14, 2017, he was charged with battering a prison guard and possessing a weapon at the Varner Unit. *See State v. Williams*, 40-CR-17-110 (Lincoln County Circuit Court Dec. 14, 2017).[1] Plaintiff says his bail was set in a Bench Warrant at $100,000, and he stayed in the Varner Unit while those new charges were pending.  (Doc. 2 at 7); *Williams*, 40-CR-17-110.  On March 17, 2021, Plaintiff completed his pre-existing state sentence and was transported to the Lincoln County

---

[1] The Court takes judicial notice of information in the state court criminal record. *Stutzka v. McCarville,* 420 F.3d 757, 760 n.2 (8th Cir. 2005).

1

Jail while he waited for trial on the battery and weapon charges. *Id.* On October 31, 2022, Plaintiff pled guilty to battery in the second degree and possession of a weapon. *Williams,* 40-CR-17-110. He was sentenced to 180 months in prison, with 598 days of credit for the time he spent in pretrial custody at the Lincoln County Jail. (*Id.*)

In October 2022, Plaintiff filed a *pro se* Complaint seeking relief pursuant to 28 U.S.C. § 1983. (Doc. 2.) The only named Defendant is Sheriff Hogg, who has been sued in his official and personal capacities. (*Id.*) After careful consideration and for the following reasons, I recommend the Complaint be dismissed without prejudice for failing to state a claim upon which relief may be granted.[2]

First, Plaintiff says, in 2017, he was wrongfully "held do to the fact they went pass the days to charge me I was charge 9-28-17 the bench warrant print 12-14-17 and I did not get it till 12-28-17." (Doc. 2 at 4.) It is unclear what constitutional right Plaintiff believes Defendant Hogg violated in 2017. However, the Court has already determined, in a previously filed case, that his claims stemming from 2017 are barred by the three-year statute of limitations. *See Williams v. Hogg,* 4:22-cv-00225-LPR (E.D. Ark. May 12, 2022); *see also Spradling v. Hastings*, 912 F.3d 1114, 1119 (8th Cir. 2019) (statute of limitations for filing § 1983 actions in Arkansas is three years). The doctrine of *res judicata* prevents Plaintiff from relitigating that issue. *Myers v. Bull,* 599 F.2d 863, 865 (8th Cir. 1979) (*res judicata* prevented a prisoner from "resurrect[ing] two claims" that were previously dismissed as being "brought outside the period of the applicable

---

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are frivolous or malicious or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

statute of limitations"). If Plaintiff disagreed with that prior holding, his proper recourse was to appeal. *Id.*

Second, Plaintiff says, in 2021, Sheriff Hogg violated his constitutional rights by refusing to release him on a $100,000 bond that was set in his January 4, 2018 Bench Warrant. (Doc. 2 at 7.) Plaintiff does not say whether, in 2021 or thereafter, anyone posted the bond on his behalf and presented papers authorizing his release to Sheriff Hogg. And there is nothing in the state criminal docket demonstrating any such bond was posted. Thus, Plaintiff has not pled a plausible § 1983 claim for relief against Defendant Hogg in his personal capacity.

Third, Plaintiff's official capacity claims against Defendant Hogg "must be treated as a suit against the County." *Brewington v. Keener*, 902 F.3d 796, 800 (8th Cir. 2018). Lincoln County cannot be held vicariously liable for Defendant Hogg's actions in a § 1983 lawsuit. *Id*. Instead, Lincoln County can only be held liable if the constitutional violation resulted from: "(1) an official municipal policy, (2) an unofficial custom, or (3) a deliberately indifferent failure to train or supervise." *Jackson v. Stair*, 944 F.3d 704, 709 (8th Cir. 2019); *Corwin v. City of Independence, MO.*, 829 F.3d 695, 699 (8th Cir. 2016). Because the Complaint does not contain any such allegations, Plaintiff has not pled a plausible official capacity claim against Defendant Hogg.

Finally and importantly, I previously brought these pleading deficiencies to Plaintiff's attention, gave him thirty (30) days to file an Amended Complaint correcting them, and cautioned him I would recommend dismissal if he did not timely do so. (Doc. 3.) The time for Plaintiff to amend his Complaint has expired.

## II.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Complaint (Doc. 2) be DISMISSED without prejudice for failing to state a

3

claim upon which relief may be granted.

  2.  The Court recommend dismissal count as a strike, in the future, for purposes of 28 U.S.C. § 1915(g).[3]

  3.  The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

  DATED this 7th day of December 2022.

                _____
                JOE J. VOLPE
                UNITED STATES MAGISTRATE JUDGE

---

[3] I previously advised Plaintiff of the three strikes rule found in §1915(g). (Doc. 2.) In *Gonzalez v. United States*, 23 F.4th 788, 791 (8th Cir. 2022), the Eighth Circuit held a strike cannot be assessed at the time of dismissal. Instead the court deciding whether the prisoner is entitled to proceed *in forma pauperis* in a future proceeding must make that determination.